IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MANETIRONY CLERVRAIN,

    Plaintiff,

v.                                            Case No. 2:22-cv-2225-MSN-tmp

TRE HAGET et. al.,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**ORDER DISMISSING CASE WITHOUT PREJUDICE**

---

        Before the Court is the Chief Magistrate Judge's Report and Recommendation, ("Report") entered May 19, 2022. (ECF No. 10.) The Report recommends that Plaintiff's action be dismissed without prejudice because Plaintiff "neglected to pay the $402 civil filing fee or submit a properly completed application to proceed *in forma pauperis*." (*Id.* at PageID 204.) Plaintiff had fourteen days to submit any objections to the Report, which made his deadline to file objections June 2, 2022. (*Id.* at PageID 205.) Fourteen days have passed, and Plaintiff has not filed any objections.

        Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court need not review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection has been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection has been filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it is wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Chief Magistrate Judge issued his Report on May 19, 2022. (ECF No. 10.) Plaintiff had fourteen days to submit his objections to the Report and, to date, Plaintiff has failed to submit any objections to the Report's findings. Moreover, Plaintiff has not filed a properly completed *in forma pauperis* affidavit or paid the civil filing fee. The Court has reviewed the Report for clear

error and finds none. Therefore, the Court **ADOPTS** the Report and **DISMISSES WITHOUT PREJUDICE** Plaintiff's *pro se* civil complaint.

    **IT IS SO ORDERED**, this 3rd day of June 2022.

                                        *s/ Mark Norris*
                                        MARK S. NORRIS
                                        UNITED STATES DISTRICT JUDGE